UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

T<small>IMOTHY</small> B<small>OYKIN</small>,

    Plaintiff,

v.

F<small>AMILY</small> D<small>OLLAR</small> S<small>TORES OF</small> M<small>ICHIGAN</small>, I<small>NC</small>.,

    Defendant.

Case No. 19-cv-10755

U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small> J<small>UDGE</small>
G<small>ERSHWIN</small> A. D<small>RAIN</small>

_____/

## **<u>OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND THE COURT'S AUGUST 28, 2019 ORDER [#33]</u>**

### **I. I**NTRODUCTION

Plaintiff Timothy Boykin ("Plaintiff") filed the instant race and age discrimination action against his former employer, Defendant Family Dollar Stores of Michigan, Inc. ("Defendant"). ECF No. 11. Plaintiff purports that Defendant acted on its "racial and age animus" by terminating his employment on August 7, 2018—approximately one month after a customer allegedly became insolent with Plaintiff. ECF No. 11, PageID.93.

Presently before the Court is Plaintiff's Motion to Alter or Amend the Court's August 28, 2019 Order Granting Defendant's Motion to Dismiss Plaintiff's First Amended Complaint and Compel Arbitration, filed on September 11, 2019. ECF No. 33. Defendant filed a Response on November 8, 2019. ECF No. 40. Plaintiff

filed his Reply on November 15, 2019. ECF No. 41. A hearing on Defendant's Motion was held on January 30, 2020. For the reasons that follow, the Court will **DENY** Plaintiff's Motion to Alter or Amend the Court's August 28, 2019 Order [#33].

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is an African American male who is seventy years old. ECF No. 11, PageID.87. Plaintiff worked as a manager at several Family Dollar Stores of Michigan from September 30, 2003 until 2007. *Id.* Plaintiff was the Family Dollar Stores of Michigan MiInc ("FDSM MiInc") Area Operations Manager before becoming the Performance Manger from 2007 until 2016. *Id.* at PageID.88.

As part of his employment, Plaintiff completed an Open Door and Arbitration training module on July 15, 2013. ECF No. 26-2, PageID.588. Plaintiff was required to review a copy of Defendant's arbitration agreement, download the agreement, and acknowledge that he had read and understood the agreement's terms. ECF No. 26, PageID.552.

In 2016, FDSM MiInc converted to FDMS VaInc. ECF No. 28, PageID.649. Plaintiff subsequently became the Store Manager of FDSM VaInc in Ypsilanti, Michigan. ECF No. 11, PageID.88. He continued to serve as Store Manager when FDSM VaInc converted to FDSM VaLLC in 2017. *Id.* Plaintiff asserts that FDSM VaLLC and its managers have an animus toward older employees as well as African

2

American employees. *Id.* He alleges that during his employment, FDSM VaLLC's employees continuously asked him when he was going to retire. *Id.* Plaintiff also purports that on July 8, 2018, he was working as the Store Manager at the FDSM VaLLC store #2222. *Id.* at PageID.89. A customer, Afshin Jadidnouri, entered the store and became insolent with Plaintiff, allegedly yelling a racial slur at him. *Id.* Plaintiff asked Mr. Jadidnouri to leave and eventually ushered him out of the store and called the police. *Id.* at PageID.90.

The store's operations manager, Ron Durham, met with Plaintiff after the incident; Mr. Durham informed Plaintiff that he had met with Mr. Jadidnouri and that Mr. Jadidnouri demanded that Defendant terminate Plaintiff. *Id.* at PageID.91. Mr. Durham also told Plaintiff that he notified human resources about the incident. *Id.* at PageID.92. On August 7, 2018, Plaintiff's employment was terminated. *Id.* at PageID.93.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 6, 2018. ECF No. 11-1. The EEOC issued Plaintiff a dismissal and notice of suit rights letter on December 12, 2018. *See* ECF No. 11-2. Plaintiff then filed his initial Complaint against Defendant in this Court on March 12, 2019. *See* ECF No. 1. On April 29, 2019, Plaintiff filed his Amended Complaint. *See* Dkt. No. 11. On June 6, 2011, Defendant filed its Motion to Dismiss Plaintiff's First Amended Complaint and Compel Arbitration.

3

ECF No. 26. Plaintiff responded in opposition on July 2, 2019. ECF No. 29. Defendant filed its Reply on July 15, 2019. ECF No. 30.

On August 28, 2019, this Court issued an Order granting Defendant's Motion to Dismiss Plaintiff's First Amended Complaint and Compel Arbitration (hereinafter, the "Order"). *See* ECF No. 31. In its Order, the Court concluded that Plaintiff "signed a valid arbitration agreement agreeing to arbitrate his employment claims." *Id.* at PageID.1097. The Court emphasized in its reasoning that under Michigan law, an electronic signature or electronic process is a valid form of signature. *Id.* at PageID.1095 (citing Mich. Comp. Laws Ann. § 450.832(h)). The Court determined that the instant matter was similar to the circumstances present in *Hall v. Pac. Sunwear Stores Corp.*, No. 15-cv-14220, 2016 WL 1366413 (E.D. Mich. Apr. 6, 2016). *Id.* at PageID.1096–97.

Plaintiff now moves to alter or amend the Court's Order pursuant to Federal Rule of Civil Procedure 59(e). *See* ECF No. 33. In support of his instant Motion, Plaintiff first argues that the Order "clearly erred as a matter of law in disposing all of [his] claims in the instant case under *Hall*…." *Id.* at PageID.1114. Second, Plaintiff contends that "there will be manifest injustice if the Court's August 28 Order is not altered and/or amended to address the lack of admissible evidence of Agreement #1, Agreement #2 or another arbitration agreement." *Id.* at PageID.1115.

He purports that the Court failed to identify which arbitration agreement the parties must follow moving forward. *Id.*

Defendant opposed Plaintiff's Motion on November 8, 2019, purporting that the Court's August 28 Order "contains no clear errors of law." ECF No. 40, PageID.1187. Further, Defendant argues that "neither an alteration nor amendment is necessary to prevent any purported manifest injustice." *Id.* Plaintiff filed its Reply on November 15, 2019. ECF No. 41.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). This Rule allows district courts to "correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988). Reconsideration is generally warranted under Rule 59(e) if there was "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Mich. Flyer LLC v. Wayne Co. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017). However, a motion filed under Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n. 5 (2008) (internal citation omitted). "A motion to alter or reconsider

a judgment is an extraordinary remedy and should be granted sparingly." *Dietrich v. 2010-1-CRE-MI Retail, LLC*, No. 15-cv-13820, 2016 WL 3753560, at *1 (E.D. Mich. July 14, 2016) (quoting *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995)).

### IV. ANALYSIS

Plaintiff raises two arguments for why the Court's Order should be altered or amended pursuant to Rule 59(e). First, Plaintiff asserts that the Court "clearly erred as a matter of law." ECF No. 33, PageID.1114. Second, Plaintiff claims that there will be "manifest injustice" if the Order is not altered and/or amended to direct the parties as to which agreement they must proceed with during private arbitration. *Id.* at PageID.1115. The Court shall address each argument in turn.

#### A. Plaintiff Fails to Establish Clear Error of Law

Plaintiff contends that the Order contains clear error of law in relying on *Hall v. Pac. Sunwear Stores Corp.*, No. 15-cv-14220, 2016 U.S. Dist. LEXIS 463437 (E.D. Mich. Apr. 6, 2016). ECF No. 33, PageID.1114. He argues that the instant matter is "clearly distinguishable from the facts in *Hall*." *Id.* at PageID.1114–15.

In its analysis of the enforceability of the parties' arbitration agreement, the Court recognized that pursuant to the adoption of the Uniform Electronic Transactions Act ("UETA"), Michigan law recognizes the legal effect of electronic signatures and electronic records in the formation of contracts, including arbitration

6

agreements. ECF No. 31, PageID.1095. The Court relied on *Hall*—which Defendant cited to in its Motion to Dismiss Plaintiff's First Amended Complaint and Compel Arbitration, *see* ECF No. 6, PageID.48—to support its finding that Plaintiff's completion of an online arbitration module was a valid form of electronic signature. ECF No. 31, PageID.1096. The Court explained:

> In *Hall v. Pacific Sunwear Stores Corporation*, the plaintiff reviewed and acknowledged an arbitration agreement online. No. 15-cv-14220, 2016 WL 1366413, at *2 (E.D. Mich. Apr. 6, 2016) (Ludington, J.). The plaintiff did not sign the agreement because there was no signature block for her signature. *Id.* The plaintiff argued before the district court that there was no evidence that her acknowledgement of the arbitration agreement through her employer's electronic system constituted an agreement to arbitrate. *Id.* at *5. The court found the plaintiff's argument unpersuasive, reasoning that the facts suggested that she intended to acknowledge the existing agreement between the parties. *Id.* at *6. Further, the court noted that the absence of the plaintiff's actual signature was not fatal to the formation of an arbitration agreement because an offeree in Michigan can accept an agreement though conduct, like continued employment after the effective date of the policy. *Id.*
> 
> This case is similar to the circumstances in *Hall*. Here, the Plaintiff completed an online arbitration module in which he did not physically type an electronic signature to acknowledge acceptance. However, as a part of the arbitration module, Plaintiff was required to download the arbitration agreement and acknowledge that he read and accepted the terms. This process is a valid form of electronic signature pursuant to Michigan law. The arbitration agreement that Plaintiff acknowledged states that employment claims related to termination of employment must be submitted to arbitration. Defendant therefore brings record evidence to this Court to support its contention that Plaintiff agreed to submit employment disputes to arbitration. Plaintiff states that he does not recall signing an arbitration agreement, and also speculatively asserts that someone else could have used his ID number. Plaintiff's self-serving evidence is not enough to create a dispute of fact about whether he signed an arbitration agreement. This Court therefore

7

> concludes that Plaintiff signed a valid arbitration agreement agreeing to arbitrate his employment claims. Therefore, this Court will dismiss Plaintiff's action and compel the parties to arbitrate.

*Id.* at PageID.1096–97.

In his instant Motion, Plaintiff differentiates this case from *Hall* by asserting that he "disputes and denies that he electronically reviewed or agreed" to the two arbitration agreements proffered by Defendant. ECF No. 33, PageID.1115. Plaintiff explains that in *Hall*, the plaintiff "unequivocally admitted that she had electronically reviewed the subject arbitration agreement." *Id.* Plaintiff therefore concludes that the Court's Order "clearly contains error as a matter of law" by relying on a case "with materially different and inconsistent facts than those established in the record of the instant case." *Id.*

Defendant argues that the Court did not commit any clear error of law by relying on *Hall.* ECF No. 40, PageID.1194–95. Further, Defendant contends that Plaintiff cannot create a basis for reversing the Order with what the Court has previously described as "self-serving evidence" that is "not enough to create a dispute of fact about whether he signed the agreement." *Id.* at PageID.1196 (citing ECF No. 31, PageID.1097). Defendant ultimately purports that Plaintiff seeks to "relitigate issues extensively briefed and previously decided, and to usurp well-established legal precedent enforcing arbitration agreements, and otherwise recognized electronic signatures." *See id.* at PageID.1187.

The Court agrees with Defendant. The Court's reasoning for enforcing the arbitration agreement at issue in the instant matter is consistent with the principles set forth in *Hall*. Specifically, the Court, similar to the court in *Hall*, acknowledged that through the adoption of the UETA, Michigan recognizes the legal effect of electronic signatures and electronic records in the formation of contracts. *See* ECF No. 31, PageID.1095; *see also Hall v. Pac. Sunwear Stores Corp.*, No. 15-cv-14220, 2016 WL 1366413, at *5 (E.D. Mich. Apr. 6, 2019).

Further, the court in *Hall* recognized that an offeree in Michigan "can assent through conduct, such as continued employment after the effective date of the policy." *Id.* at *6 (citing *Pakideh v. Franklin Commercial Mortg. Group Inc.*, 540 N.W.2d 777, 781 (Mich. Ct. App. 1995)). In *Hall*, the arbitration agreement expressly provided that continued employment was consideration for the agreement. *Id.* at *6. Here, the arbitration agreement similarly provides that continued employment is consideration for the agreement. *See* ECF No. 26-2, PageID.586; *see also* ECF No. 40, PageID.1198. Further, the Court denoted how Plaintiff's actions of downloading the arbitration agreement and acknowledging that he read and accepted the terms in the instant matter was a valid form of electronic signature pursuant to Michigan law. ECF No. 31, PageID.1096.

Plaintiff does not cite authority suggesting that the Court's analysis of the enforceability of the parties' arbitration agreement was flawed. Rather, Plaintiff

attempts to differentiate the facts in *Hall* from those in the instant matter. He cites to two cases, *Theroff v. Dollar Tree Stores, Inc.*, a case from the Missouri Court of Appeals, and *In re Zappos.com, Inc., Customer Data Sec. Breach Litig.*, a case from the District Court of Nevada, to support his argument that the Court erred in granting Defendant's motion to dismiss. *See* ECF No. 33, PageID.1106–07; *see also* ECF No. 41, PageID.1244–45. The Court denotes that Plaintiff has already presented these cases to the Court to support his position that there was no meeting of the minds amongst the parties to enforce the arbitration agreement; Plaintiff cited to these cases in his Response to Defendant's Motion to Dismiss First Amended Complaint and Compel Arbitration. *See* ECF No. 29, PageID.900, 909.

It is evident that Plaintiff disagrees with the Court's application of *Hall* to the facts in his case. However, such disagreement is not "clear error." *See, e.g., McCoy v. Lake Cumberland Reg'l Hosp., LLC*, No. 6:18-cv-00006, 2019 U.S. Dist. LEXIS 74730, at *4 (E.D. Ky. May 2, 2019) (Plaintiffs do not agree with the Court's application of law, but that is not clear error. The Plaintiffs are attempting to use a Rule 59(e) motion to relitigate the issue, which is not a reason to grant a motion to reconsider.").

Accordingly, Plaintiff has not demonstrated a clear error of law in the Order. The Court reasonably relied on *Hall*, and rejected Plaintiff's reliance on *Theroff* and *In re Zappos.com, Inc.*, in finding that Plaintiff signed a valid arbitration agreement

which directs him to arbitrate his employment claims with Defendant. Therefore, this Court finds that Plaintiff's first argument to alter or amend the Order fails.

**B. Plaintiff Also Fails to Establish Manifest Injustice**

Plaintiff next purports that "there will be manifest injustice if the Order is not altered and/or amended to address the lack of admissible evidence of Agreement #1, Agreement #2 or another arbitration agreement." ECF No. 33, PageID.1115. He explains that the Order does not identify what contract or private arbitration agreement the parties should follow when they proceed to private arbitration. *Id.* According to Plaintiff, there are "two inconsistent arbitration agreements represented by Defendants as entered into by the parties[.]" *Id.* at PageID.1115–16. Thus, the relief set forth in the Order allegedly "cannot be reasonably complied with." *Id.* at PageID.1116.

A "general definition of 'manifest justice'" has not developed; rather, courts within the Sixth Circuit "look at the matter on a case-by-case basis." *Estate of Romain v. City of Grosse Point Farms*, 2018 WL 3100907, at *2 (E.D. Mich. June 25, 2018) (internal citation omitted). "A showing of manifest injustice requires that there exist a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy." *Hernandez v. City of Saginaw*, 2013 U.S. Dist. LEXIS 113123, at *7 (E.D. Mich. Aug. 12, 2013). The movant must be able to show that altering or amending the

11

underlying judgment will result in a change in the outcome in their favor. *See Via The Web Designs, LLC v. Beauticontrol Cosmetics, Inc.*, 148 F. App'x 483, 489 (6th Cir. 2005).

Here, Plaintiff argues that Agreements #1 and #2 "contain materially different and inconsistent private arbitration provisions." ECF No. 33, PageID.1111. Agreement #1 was originally attached to Plaintiff's Response to Defendant's Motion to Dismiss First Amended Complaint and Compel Arbitration. *See* ECF No. 29-2. Sara Rafal, Assistant General Counsel of Dollar Tree Stores, submitted a copy of this agreement to Plaintiff's counsel on March 13, 2019. *Id.* at PageID.925. Agreement #2 was originally included and exclusively cited to in Defendant's Motion to Dismiss First Amended Complaint and Compel Arbitration. *See* ECF No. 26-2. Specifically, the agreement was attached to the affidavit of Ms. Natalie Neely, Director of Human Resources Compliance & Associate Relations at Family Dollar Management, LLC. *Id.*

At the hearing on the instant Motion, Plaintiff asserted that the parties are "stymied" by the two agreements. Plaintiff explained that the two agreements include different forums, different rules of where to send an initial notice, and different corporate defendant names. Further, he argued that neither side understands how to adjudicate his claims; therefore, he moved the Court for "limited

adjudication" in order to determine which agreement the parties should proceed with when they submit to arbitration.

Defendant contends that the Order makes specific reference to the "Mutual Agreement to Arbitrate Claims," which was included within Exhibit 1 to its initial Motion to Dismiss First Amended Complaint and Compel Arbitration.[1] *See* ECF No. 6-1, PageID.71. Defendant further clarifies that it never moved to compel arbitration under "any agreement other than the Mutual Agreement to Arbitrate Claims included within Exhibit 1 to its Motion [hereinafter, "Agreement #2"]." ECF No. 40, PageID.1199. It argues, therefore, that Plaintiff's argument that the Order "does not identify what contract/private arbitration agreement the record evidence establishes was agreed by the parties, or is to be followed" is baseless and unsupported by the record. *Id.* The Court agrees with Defendant. The Court's Order specifically references Agreement #2:

> The arbitration agreement states that the agreement is between the employee and Family Dollar, Inc. Dkt. No. 26-2, pg. 16 (Pg. ID 584). It further states, "[t]he company and I mutually consent and agree to the resolution by arbitration of all claims … arising out of or related to … the termination of my assignment/employment." *Id.* Covered claims include claims of discrimination based on "race, creed, color, religion, sex, age, [and] disability." *Id.* Further, the agreement states that "covered Disputes include any claim or controversy regarding the Agreement or any portion of the Agreement or its interpretation, enforceability, applicability, unconscionability, arbitrability or formation." *Id.*

---

[1] Plaintiff identifies this agreement as "Agreement #2" in his instant Motion and Reply.

ECF No. 31, PageID.1090.

In evaluating motions to compel arbitration, "courts treat the facts as they would in ruling on a summary judgment." *See Yaroma v. CashCall, Inc.*, 130 F. Supp. 3d 1055, 1062 (E.D. Ky. 2015) (quoting *Kovac v. Superior Dairy, Inc.*, 930 F. Supp. 2d 857, 864 (N.D. Ohio 2013)). Therefore, the party opposing arbitration bears the burden of "showing a genuine issue of material fact as to the validity of the agreement to arbitrate." *Great Earth Cos. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002). The party opposing arbitration also has an evidentiary burden of demonstrating that the arbitration agreement itself is unenforceable. *See Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 91 (2000).

When the Court reviewed the parties' briefs on Defendant's Motion to Dismiss Plaintiff's First Amended Complaint and Compel Arbitration, the Court determined that Plaintiff—the party opposing arbitration—did not meet his evidentiary burden of demonstrating that Agreement #2 was unenforceable. Specifically, the Court found that Plaintiff only offered "self-serving evidence" in an attempt to create a dispute of fact in the instant matter. *See* ECF No. 31, PageID.1097. The Court concluded that Defendant brought sufficient "record evidence to support its contention that Plaintiff agreed to submit employment disputes to arbitration" according to Agreement # 2. *Id.*

The Court denotes that Defendant included and exclusively cited to Agreement #2 in its Motion. Defendant included the agreement as an attachment to Ms. Neely's affidavit. *See* ECF No. 26-2, PageID.584. In her affidavit, Ms. Neely asserts that the attached agreement is a "true and accurate copy of [Agreement #2]." *Id.* at PageID.573. In addition to providing the Court with a copy of Agreement #2, Ms. Neely also included a "true and correct excerpt of [Plaintiff's] FDU records." *Id.* at PageID.574. The provided record sheet demonstrates that Plaintiff completed the "Open Door and Arbitration at Family Dollar" module slideshow—which concluded with a copy of Agreement #2—on July 15, 2013 at 10:00:58 a.m. *Id.*; *see also id.* at PageID.588.

At the hearing, Plaintiff argued that there was "no connection" between the module's slideshow and Agreement #2. However, the Court emphasizes that Ms. Neely's affidavit describes the attached module as a "true and accurate copy of the slides," which includes the "Arbitration Agreement." *Id.* at PageID.572. Additionally, the Court denotes that Defendant originally provided its company's publicly accessible website link in its Motion, which includes a complete copy of Agreement #2. *See* ECF No. 26, PageID.551. Specifically, the website includes a copy of Agreement #2 under the subheading "Family Dollar Associates hired before Nov. 2, 2015." *Arbitration Agreements*, Family Dollar Arbitration, http://www.dtarbitration.com/agreements/agreements.html (last visited February 3,

2020). This link applies to Plaintiff, who was hired by FDSM MiInc on September 20, 2003. *See* ECF No. 11, PageID.87.

Finally, the Court highlights that Plaintiff concedes in his Reply that he received a copy of Agreement #2 from Defendant after filing his Complaint. *See* ECF No. 29, PageID.901. Plaintiff asserts that he received a copy of Agreement #2 from Mr. Thomas Paxton on March 25, 2019—twelve days after Ms. Rafal sent him an email with Agreement #1. *Id.* The Court considered this evidence before issuing its Order in favor of Defendant. The Court denoted that the attached "Arbitration Module" and "Arbitration Agreement" matched the provided module and agreement included in Ms. Neeley's affidavit. *See* ECF Nos. 29-8, 26-2. Further, Mr. Paxton explains in his letter to Plaintiff that "[t]he FDU records show Mr. Boykin agreed to the arbitration agreement and completed the Arbitration Module on July 15, 2013." ECF No. 29-8, PageID.1028.

It is evident that Plaintiff disagrees with the Court's conclusion that the parties must submit to arbitration according to Agreement #2. However, such disagreement does not equate to "manifest injustice." The Court does not find that a "fundamental flaw" exists in its decision that "without correction would lead to a result that is both inequitable and not in line with applicable policy." *Hernandez v. City of Saginaw*, 2013 U.S. Dist. LEXIS 113123, at *7 (E.D. Mich. Aug. 12, 2013). Rather, the Court concludes that it properly cited to the only arbitration agreement which was

sufficiently supported with record evidence in the parties' briefs to Defendant's Motion to Dismiss First Amended Complaint and Compel Arbitration.

Accordingly, Plaintiff has failed to establish any manifest injustice. The Court thus adheres to its decision to compel the parties to arbitrate according to the Mutual Agreement to Arbitrate Claims—Agreement #2.

## V. CONCLUSION

For the reasons articulated above, the Court will **DENY** Plaintiff's Motion to Alter or Amend the Court's August 28, 2019 Order Granting Defendant's Motion to Dismiss Plaintiff's First Amended Complaint and Compel Arbitration [#33].

IT IS SO ORDERED.

Dated: February 5, 2020

s/Gershwin A. Drain<br>
HON. GERSHWIN A. DRAIN<br>
United States District Court Judge